# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>    Plaintiff,<br>v.<br><br>BB&T CORPORATION,<br><br>    Defendant. | Civ. Act. No.<br>1:18–01472–CFC |
| WSFS FINANCIAL CORPORATION and WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>    Plaintiffs-Intervenors,<br>v.<br><br>BB&T CORPORATION,<br><br>    Defendant. | Civ. Act. No.<br>1:18–01472–CFC |

## COMPLAINT OF PLAINTIFFS-INTERVENORS

Plaintiffs, WSFS Financial Corporation ("WSFS Corp.") and Wilmington Savings Fund Society, FSB ("WSFS Bank" and, collectively with WSFS Corp., "WSFS"), bring this action against Defendant, BB&T Corporation ("BB&T"), and in support thereof allege as follows:

LEGAL\38561317\1

## INTRODUCTION

1. WSFS brings this action to require BB&T to honor an indemnification agreement entered into by BB&T's predecessor in interest and WSFS.

2. BB&T's predecessor in interest entered into that indemnification agreement when it sold to WSFS Corp. a trust company known as Christiana Bank & Trust Company ("Christiana"). WSFS Corp. and its affiliates, including WSFS Bank, were to be indemnified for, among other things, any losses arising from proceedings involving various types of life insurance trusts that were in place at Christiana as of the closing date of sale.

3. Several years after the sale, a third party instituted an arbitration proceeding against WSFS Bank based on one such life insurance trust.

4. That proceeding thus triggered the indemnity to which BB&T's predecessor in interest agreed.

5. In February 2018, WSFS settled the arbitration for $12 million.

6. In addition to the $12 million settlement payment, WSFS incurred more than $4 million in legal fees and costs directly related to the arbitration and continues to incur costs and fees covered by the indemnity.

7. WSFS has demanded that BB&T honor the indemnification obligations of BB&T's predecessor in interest, but BB&T has refused to do so, thereby necessitating this action.

**PARTIES**

8. Plaintiff WSFS Corp. is a savings and loan holding company.

9. WSFS Corp. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

10. Plaintiff WSFS Bank is a federal savings association and is the primary subsidiary of WSFS Corp.

11. WSFS Bank is federally chartered and has its home office in Wilmington, Delaware.

12. Defendant BB&T is a financial holding company.

13. BB&T is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina.

14. BB&T is the successor in interest of National Penn Bancshares, Inc. ("National Penn"), a bank holding company whose outstanding stock BB&T acquired on or about April 1, 2016.

15. BB&T is National Penn's successor in interest.

**JURISDICTION AND VENUE**

16. The requirements of personal jurisdiction and venue have been met because transactions, occurrences, and injuries out of which this action

arises took place in Delaware, including, in part, the negotiation and execution of the contract that gives rise to this action; and because the entity that National Penn sold to WSFS was a Delaware corporation with headquarters in Delaware. This Court has subject-matter jurisdiction because complete diversity of citizenship exists among all parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

## Christiana Bank & Trust Company and Its Acquisition by WSFS Corp.

17. Christiana was a Delaware banking corporation based in Greenville, Delaware.

18. One aspect of Christiana's business was serving as a trustee of various types of life insurance trusts.

19. From January 5, 2008 to December 3, 2010, all of Christiana's issued and outstanding stock was owned by National Penn.

20. During that period, Christiana was operated as a wholly-owned subsidiary of National Penn.

21. On June 24, 2010, National Penn and WSFS Corp. entered into a Stock Purchase Agreement.

22. Under the agreement, WSFS Corp. agreed to acquire from National Penn all of Christiana's issued and outstanding capital stock.

23. The Stock Purchase Agreement included several indemnification provisions.

24. Among those indemnification provisions was Section 8.02(e), which was intended to immunize WSFS Corp. and its affiliates from any liability related to Christiana's role in serving as trustee of various types of life insurance trusts.

25. Section 8.02(e) of the Stock Purchase Agreement provided as follows:

> 8.02 <u>Indemnification by Seller</u>. Seller will indemnify and hold harmless Buyer and its representatives, stockholders, controlling persons, and Affiliates (collectively, the "<u>Buyer Indemnified Persons</u>") for, and will pay to the Buyer Indemnified Persons the amount of, any loss, liability, claim, damage (including incidental and consequential damages), expense (including witness fees, costs of investigation and defense and reasonable attorneys' fees) or diminution of value, whether or not involving a third-party claim (collectively, "<u>Damages</u>"), arising, directly or indirectly, from or in connection with:
>
> …
>
> (e) with respect to Life Insurance Trusts, any litigation or other legal proceeding, whether civil, criminal, administrative or investigative.

26. Schedule 8.02(e) defined the term "Life Insurance Trusts" as follows:

> Per the Agreement, "Life Insurance Trusts" means the trust arrangements attached hereto, and other trust arrangements whereby Target or any Target Subsidiary has served, as of or at any time prior to the Closing Date, as trustee of an account holding, pertaining or relating in any way to viatical settlements, life insurance settlements, stranger owned life insurance, investor owned life insurance, or speculator initiated life insurance, including any securitization of such assets. For the avoidance of doubt, Life Insurance Trusts shall not include any standard or ordinary course irrevocable life insurance trusts established for estate planning purposes.

27. The transaction by which National Penn sold Christiana (the "Target" referenced in Schedule 8.02(e)) to WSFS Corp. closed on December 3, 2010.

28. As part of the closing, Christiana merged into WSFS Bank, and Christiana has since been operated as a division of WSFS Bank.

29. WSFS Bank is Christiana's successor in interest.

## The Charter Oak Trust and the Universitas Arbitration

30. On or about April 6, 2015, an entity by the name of Universitas Education, LLC ("Universitas") brought an arbitration proceeding against WSFS Bank in its capacity as Christiana's successor in interest.

31. In the arbitration, Universitas alleged that it was a beneficiary of the Charter Oak Trust.

32. The Charter Oak Trust was one of the life insurance trusts of which Christiana served as a trustee prior to the date of Christiana's acquisition by WSFS Corp.

33. Universitas sought to hold WSFS Bank, as Christiana's successor in interest, liable for alleged breaches of duty by Christiana in connection with its service as a trustee of the Charter Oak Trust. Those alleged acts and omissions occurred before WSFS Corp. acquired Christiana, and before Christiana was merged into WSFS Bank.

34. The Charter Oak Trust was a Life Insurance Trust, as defined in the Stock Purchase Agreement.

35. The Charter Oak Trust was not a standard or ordinary course irrevocable life insurance trust established for estate planning purposes.

36. The Charter Oak Trust was not established for estate planning purposes.

37. On or about February 27, 2018, WSFS entered into a settlement agreement with Universitas, whereby WSFS agreed to pay Universitas $12 million in exchange for Universitas' agreement to dismiss its claims against WSFS. WSFS and Universitas fully performed under that agreement.

38. In addition to the $12 million settlement payment, WSFS incurred legal fees and costs of more than $4 million in connection with the Universitas arbitration. Additionally, WSFS incurred legal fees and costs in

pursuing insurance companies that denied coverage to which WSFS was entitled, and incurred, and continues to incur, legal fees and costs in pursuing BB&T for the indemnification to which it is entitled. WSFS entered into a settlement with the insurance companies that covers a portion of the Damages (as defined in the Stock Purchase Agreement) incurred by WSFS in connection with the Universitas arbitration.

### WSFS's Entitlement to Indemnification from BB&T

39. On or about April 28, 2015, after receiving a copy of Universitas' April 6, 2015 arbitration complaint, WSFS, through its counsel, demanded that BB&T's predecessor in interest, National Penn, indemnify it for all losses incurred directly or indirectly from or in connection with Universitas' arbitration claim.

40. WSFS made its demand on National Penn in accordance with Sections 8.06(a) and 9.06 of the Stock Purchase Agreement.

41. Despite WSFS's demand, National Penn refused to honor its indemnity to WSFS.

42. After it acquired National Penn, BB&T has likewise refused to honor its indemnity to WSFS.

43. WSFS has complied with all conditions precedent to its right to indemnification.

44. In addition to indemnification for expenses and other losses incurred directly in the arbitration proceeding instituted against it by Universitas, WSFS seeks indemnification for other expenses and other losses arising directly or indirectly from or in connection with the Charter Oak Trust and to Universitas' arbitration claim, including, but not limited to, expenses and other losses incurred in connection with:

- WSFS's participation in various court proceedings to enjoin or otherwise affect Universitas' arbitration proceeding;
- WSFS's efforts to enforce its indemnification rights against other potential indemnitors, pursuant to Section 8.04(b)(i) of the Stock Purchase Agreement or otherwise;
- WSFS's analysis of its disclosure obligations (such as under SEC regulations) with respect to any of the above-mentioned proceedings or events.
- WSFS's litigation against various insurance carriers obligated to provide coverage for losses relating to the Universitas arbitration and to the actions allegedly giving rise to that arbitration.
- This litigation against BB&T, which WSFS has been forced to bring in order to enforce its right to indemnification under the Stock Purchase Agreement.

45. The types of losses for which WSFS seeks indemnification include, without limitation, the $12 million settlement payment that WSFS made to Universitas; attorneys' fees incurred in the Universitas arbitration proceeding and in connection with any of the other proceedings described above; wages attributable to work performed by WSFS employees in connection with the Universitas arbitration proceeding and in connection with any of the other proceedings described above; witness fees and costs of investigation incurred in connection with the Universitas arbitration proceeding and in connection with any of the other actions or proceedings described above; the degree by which Christiana was overvalued in the Stock Purchase Agreement as a result of issues relating to the Charter Oak Trust; and any other incidental or consequential damages arising, directly or indirectly, from or in connection with the Charter Oak Trust.

46. The losses for which WSFS seeks indemnification are net of the settlement payments WSFS received from the insurance carriers.

## Count 1 — Breach of Contract / Indemnification

47. WSFS repeats and incorporates by reference the allegations set forth above.

48. WSFS Corp., as buyer, and National Penn, as seller, entered into the Stock Purchase Agreement on or about June 24, 2010.

49. In the Stock Purchase Agreement, WSFS Corp. agreed to buy, and National Penn agreed to sell, the issued and outstanding stock of Christiana Bank & Trust Company.

50. The transaction closed on December 3, 2010.

51. WSFS Bank is the primary subsidiary of WSFS Corp. and is the successor in interest of Christiana Bank & Trust Company.

52. In Paragraph 8.02(e) of the Stock Purchase Agreement, National Penn agreed to indemnify WSFS Corp. and its affiliates, including WSFS Bank, for "any loss, liability, claim, damage (including incidental and consequential damages), expense (including witness fees, costs of investigation and defense and reasonable attorneys' fees) or diminution of value, whether or not involving a third-party claim (collectively, "Damages"), arising, directly or indirectly, from or in connection with: … with respect to Life Insurance Trusts, any litigation or other legal proceeding, whether civil, criminal, administrative or investigative."

53. Since the transaction closed on December 3, 2010, WSFS has incurred Damages (as defined in the Stock Purchase Agreement) arising, directly or indirectly, from or in connection with litigation and other legal proceedings with respect to Life Insurance Trusts (as defined in the Stock Purchase Agreement), particularly the Charter Oak Trust.

54. "Life Insurance Trusts", as referenced in the Stock Purchase Agreement, means "…the trust arrangements attached [to Schedule 8.02(e)], and other trust arrangements whereby Target [Christiana] or any Target Subsidiary has served, as of or at any time prior to the Closing Date, as trustee of an account holding, pertaining or relating in any way to viatical settlements, life insurance settlements, stranger owned life insurance, investor owned life insurance, or speculator initiated life insurance, including any securitization of such assets. For avoidance of doubt, Life Insurance Trusts shall not include any standard or ordinary course irrevocable life insurance trusts established for estate planning purposes."

55. Christiana served, prior to the closing of the transaction by which WSFS Corp. acquired National Penn, as a trustee of the Charter Oak Trust, and the Charter Oak Trust pertained or related in some way to viatical settlements, life insurance settlements, stranger owned life insurance, investor owned life insurance, or speculator initiated life insurance, including any securitization of such assets.

56. The Charter Oak Trust was not a standard or ordinary course irrevocable life insurance trust established for estate planning purposes.

57. BB&T is the successor in interest of National Penn, and is thus obligated to honor the indemnification obligations that National Penn incurred under the Stock Purchase Agreement.

58. WSFS has made demand on BB&T for indemnification, and has complied with all conditions precedent to its entitlement to indemnification.

59. In breach of its obligations under the Stock Purchase Agreement, BB&T has refused to indemnify WSFS.

WHEREFORE, Plaintiffs WSFS Financial Corporation and Wilmington Savings Fund Society, FSB respectfully request that this Court enter judgment in their favor and award (i) Damages, as that term is defined in the Stock Purchase Agreement, in an amount to be determined at trial; (ii) attorneys' fees and other expenses incurred in this action; (iii) pre-judgment interest and post-judgment interest; and (v) such other and further relief as this Court deems just and proper.

## Count 2 — Declaratory Judgment

60. WSFS repeats and incorporates by reference the allegations set forth above.

61. There is an existing, judiciable controversy as to whether BB&T's indemnification obligations to WSFS have been triggered by the incurrence of expenses arising from litigation, other legal proceedings, or other matters arising from or relating to the Charter Oak Trust, including but not limited to, losses, liabilities, claims, damages (including incidental and consequential damages), expenses (including witness fees, costs of investigation and defense

13

and reasonable attorneys' fees) or diminution of value, whether or not involving a third-party claim, arising, directly or indirectly from the arbitration and this action.

62. BB&T's indemnification obligations have in fact been triggered, and will continue to apply in the future.

WHEREFORE, Plaintiffs WSFS Financial Corporation and Wilmington Savings Fund Society, FSB respectfully request that this Court enter an order and judgment declaring that:

- BB&T's indemnification obligations under Paragraph 8.02(e) of the Stock Purchase Agreement have been triggered;
- BB&T is obligated to indemnify WSFS for all expenses and other losses that have already been incurred, directly or indirectly, and that will be incurred in the future, arising from or in connection with the arbitration proceeding instituted by Universitas on or about April 6, 2015, including, without limitation, WSFS's efforts to pursue its indemnification rights against BB&T.

*/s/ Barry Klayman*
Barry M. Klayman, Esquire (#3676)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2035
Fax: (215) 701-2209
E-mail: bklayman@cozen.com

*Attorneys for Plaintiffs, WSFS Financial Corporation and Wilmington Savings Fund Society, FSB*

Of Counsel:

Philip Kircher (PA 24625)
pkircher@cozen.com
Matthew Bleich (PA 208069)
mbleich@cozen.com
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
(215) 665-4000 (Tel)
(215) 701-2094 (Fax)

Dated: October 4, 2018