# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| WSFS FINANCIAL CORPORATION and | ) |
| WILMINGTON SAVINGS FUND SOCIETY, | ) C.A. No. 1:18-cv-01472-LPS |
| FSB, | ) |
| | ) |
| Plaintiffs-Intervenors | ) |
| | ) |
| v. | ) |
| | ) |
| BB&T CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff Houston Casualty Company, Plaintiffs-Intervenors WSFS Financial Corporation and Wilmington Savings Fund Society, FSB, and Defendant BB&T Corporation (the "Parties"), through their undersigned counsel, hereby stipulate and agree to be bound by the terms of the following Protective Order, the provisions of which shall govern claims of confidentiality in this action:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced or made available for inspection within this action and designated as Confidential. Challenges to any designations in this case will be governed by the terms of this Protective Order. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the

disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.  Any use of protected material at trial shall be governed by a separate agreement or order.

2. This Protective Order shall also govern the use and dissemination of all information, documents or materials that the Parties produced or made available for inspection and designated as Confidential in the prior action captioned *Wilmington Savings Fund Society, FSB v. Houston Casualty Company, et al.*, C.A. No. 17-1867-MAK (D. Del.).  The Parties expressly agree that such information, documents and materials may be used in this litigation pursuant to the terms of this Protective Order.  Nothing in this paragraph shall be understood to waive the attorney-client privilege or the applicability of the work-product doctrine.

3. The term "document" or "documents," as used in this Protective Order, includes, without limitation, documents, electronically stored information, and tangible things as described in Rule 34(a)(1)(A)-(B) of the Federal Rules of Civil Procedure.

4. Any information or materials produced or obtained in this litigation, including, without limitation, (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such information, and the information itself, and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (collectively, "Litigation Materials") that contain or comprise non-public information may be designated as "Confidential" under this Protective Order if permitted to be so designated under paragraph 5 below.

5.      The following Litigation Materials may be designated as "Confidential" under this Protective Order:  Litigation Materials that contain or comprise any party's or another person's or entity's confidential financial, business or trade secret information of a commercially sensitive nature; any Litigation Materials containing personally identifiable information or protected health information; and information protected by the party's or another person's or entity's privacy rights under any applicable law.

6.      Pursuant to, without limitation, Federal Rule of Evidence 502(d), producing or disclosing documents and things or making them available for inspection shall not constitute a waiver by the producing or disclosing party of any claim of confidentiality, attorney-client privilege, work product protection or immunity or any other right under any applicable law or agreement, or of the right of any party or nonparty to oppose production of any Litigation Materials.  This non-waiver provision shall apply with respect to any claim of attorney-client privilege or work product protection in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

7.      All Litigation Materials designated as Confidential, and the contents thereof, shall only be used or disclosed as provided for in this Protective Order, and shall not be made public by any receiving person or be used for any purpose other than discovery and other trial preparation, motion practice, trial, writs, appeals, or ancillary proceedings for claims and/or defenses by and among any of the existing parties, regardless of whether such claims and/or defenses are asserted in this litigation or otherwise.

8.      Any party, and any nonparty producing Litigation Materials in this action, may designate Litigation Materials, or portions thereof, as Confidential by marking them "Confidential" on each page that contains protected material before producing them.

9. The failure to designate any Litigation Materials as Confidential before producing them shall not waive a party's or nonparty's right to later so designate such Litigation Materials. If Litigation Materials claimed to be Confidential are produced without that designation, such Litigation Materials and all copies thereof shall be returned to the designating party for such designation within three court days of any written notice requesting their return, or promptly marked Confidential as requested by the designating person. The receiving party may challenge the designation of the documents as provided in this Protective Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be Confidential without that designation shall not constitute a waiver of confidentiality.

10. For deposition testimony, any party or nonparty may invoke the provisions of this Protective Order by designating the Confidential portions of the deposition transcript as Confidential during deposition by so stating on the record at the deposition. Failure to so designate shall waive any right to designate any testimony at that deposition as Confidential. Prior to the disclosure of Confidential information at any deposition, the court reporter recording the same shall be furnished with a copy of this Protective Order by the party or nonparty claiming confidentiality and shall be informed that testimony, exhibits and other Confidential information may be disclosed only in accordance with the terms of this Protective Order. When a transcript of the testimony is prepared, the court reporter shall place the following statement on the cover of any transcript containing Confidential information: "This transcript contains Confidential information subject to a Protective Order — pages ____ to ____ to be filed under seal." The court reporter shall place "This testimony has been designated Confidential pursuant to Court Order" on each page of the transcript containing testimony designated at the deposition as Confidential. No person shall be present during any portion of any deposition designated as

Confidential unless that person is an authorized recipient of Litigation Materials containing such confidential information under the terms of this Protective Order. If a deposition is recorded on video, the disc or flash drive shall be designated Confidential".

      11.     The party or nonparty designating any Litigation Materials Confidential shall, in the first instance, determine in good faith whether they contain Confidential information covered by this Protective Order. All parties acknowledge that the designation of material as Confidential is to be used sparingly in accordance with the holding in *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3d Cir 1994) and its progeny. Another party may object in good faith to the designation. Such objection shall be in writing, sent to the designating party, and shall state the reasons for the objection and the purpose for which the objecting party intends to use the Litigation Materials in question. The parties involved shall attempt to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the objecting party may file with the Court a motion to remove the Confidential designation of those Litigation Materials, including without limitation on the grounds that the Litigation Materials are not properly subject to protection under applicable standards of Federal Rule of Civil Procedure 26(c). Any Litigation Materials the designation of which are subject to such dispute shall remain so designated and shall be treated in accordance with such designation pending further order of the Court. The party asserting the entitlement of any such Litigation Materials to protection shall on such motion bear the burden of establishing that the Litigation Materials are entitled to such protection, including without limitation under Federal Rule of Civil Procedure 26(c). Failure to challenge the designation shall not be construed as an admission that the Litigation Materials were properly designated Confidential.

12. Litigation Materials designated or treated as Confidential, copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

(a) The Court and its personnel;

(b) Court reporters and videographers who record depositions or other testimony in this action;

(c) Outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

(d) The named parties, including any parties that may be added to this case after entry of this Protective Order (provided, however, that any such new parties first execute a stipulation with all parties agreeing to be bound by this Protective Order), and any corporate party's officers or employees who are actively assisting counsel in the defense of this action;

(e) Third-party consultants and independent experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(f) Witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition, but only to the extent that, and no sooner than, the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at trial or the deposition or preparing therefor, but only after such persons have been asked, at least ten days in advance of the proposed disclosure, to complete the certification contained in Attachment

A, Acknowledgment of Understanding and Agreement to Be Bound. Should the request be refused or the certification otherwise not completed, the party proposing disclosure shall so advise the disclosing party at least seven days in advance of the proposed disclosure, so that the disclosing party may seek such relief as it may deem appropriate;

(g) Any individual or entity expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in the Litigation Materials, and counsel therefor;

(h) Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, provided that such contractors have policies and procedures in place prohibiting the disclosure of such data, documents, or other information to non-parties and non-court personnel;

(i) The parties' accountants, auditors, insurers/reinsurers (if any), together with such insurers/reinsurers' third-party service providers, actuaries or intermediaries or regulators, or as required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance;

(j) Any other person upon the written agreement of the party or nonparty that designated the Litigation Materials as Confidential (which agreement may, alternatively, be recorded in a deposition or other transcript), or pursuant to court order after motion.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  The party producing the Confidential information will not unreasonably withhold consent.

13. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of Litigation Materials so designated except as otherwise allowed in this Protective Order.

14. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party or nonparty of its own Litigation Materials as the party or nonparty deems appropriate.

15. <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. In the event that Litigation Materials designated or treated as Confidential are disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to the designating party or that party's counsel and to the producing party (if different) or that party's counsel, and shall describe the circumstances surrounding the unauthorized disclosure.

17. In the absence of written permission from the party or nonparty designating the Litigation Materials as Confidential or a Court order secured after appropriate notice to all


13. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of Litigation Materials so designated except as otherwise allowed in this Protective Order.

14. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party or nonparty of its own Litigation Materials as the party or nonparty deems appropriate.

15. <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. In the event that Litigation Materials designated or treated as Confidential are disclosed to someone not authorized to receive such information under this Protective Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to the designating party or that party's counsel and to the producing party (if different) or that party's counsel, and shall describe the circumstances surrounding the unauthorized disclosure.

17. In the absence of written permission from the party or nonparty designating the Litigation Materials as Confidential or a Court order secured after appropriate notice to all

interested parties, a party that seeks to file any Confidential Litigation Materials with the Court must comply with any applicable orders, Local Rules, and Rules of the Federal Rules of Civil Procedure and must cooperate with the designating party or nonparty to seek to enable the Litigation Materials to be filed under seal (at the designating party or nonparty's election), including by giving reasonable advance notice of any intention to file the Litigation Materials with the Court.  Should the Court refuse to order any Litigation Materials designated as Confidential sealed, the party seeking to file such materials with the Court may proceed with filing the materials in the public record upon five court days' notice to the other parties, unless the Court has ordered otherwise.  Any such delay in filing such materials shall not affect the due dates of any related filings so long as an unredacted copy of the materials the Court has refused to seal was timely served on all other parties subject to the motion or other proceeding in question.

18. Before use or disclosure of any Litigation Materials designated Confidential in a hearing or other courtroom proceeding, the party or nonparty who seeks to use or disclose the material shall, to the extent reasonably practicable, provide reasonable notice to the designating person, to give the designating person an opportunity to request that the Court take appropriate action.  However, the party or nonparty need not do so with respect to any Litigation Materials designated Confidential that have been included in the briefing or other papers for the matter to which the hearing or other courtroom proceeding pertains.

19. The limitations on the use and disclosure of Confidential Litigation Materials shall survive the termination of this litigation.  The Court will retain jurisdiction to enforce the terms of this Protective Order after termination of this litigation, and any party or nonparty that

has produced Litigation Materials designated as Confidential shall have standing to enforce the Protective Order.

20. Nothing herein shall preclude any party or both parties from applying to this Court for an order modifying this Protective Order or shall otherwise preclude any modification of this Protective Order by this Court.

Dated: July 8, 2019

| | |
|---|---|
| PHILIPS GOLDMAN MCLAUGHLIN & HALL, P.A. | MORGAN LEWIS & BOCKIUS LLP |
| */s/ John C. Philips, Jr.* | */s/ Jody C. Barillare* |
| John C. Philips, Jr. (No. 110) | Jody C. Barillare (No. 5107) |
| David A. Bilson (No. 4986) | The Nemours Building |
| 1200 North Broom Street | 1007 N. Orange Street, Suite 501 |
| Wilmington, DE 19806 | Wilmington, DE 19801 |
| T \| 302-655-4200 | T \| 302-574-3000 |
| E \| jcp@pgmhlaw.com | E \| jody.barillare@morganlewis.com |
| E \| dab@pgmhlaw.com | |
| | John C. Goodchild, III (admitted pro hac vice) |
| CLYDE & CO US LLP | 1701 Market Street |
| Alexander R. Karam (admitted pro hac vice) | Philadelphia, PA 19103 |
| 1775 Pennsylvania Avenue, NW, 4th Floor | T \| 215-963-5000 |
| Washington, DC 20006 | E \| john.goodchild@morganlewis.com |
| T \| 202-747-5100 | |
| E \| alex.karam@clydeco.us | Su Jin Kim (admitted pro hac vice) |
| | 1701 Market Street |
| | Philadelphia, PA 19103 |
| *Attorneys for Plaintiff Houston Casualty Company* | T \| 215-963-5000 |
| | E \| su.kim@morganlewis.com |
| COZEN O'CONNOR | *Attorneys for Defendant BB&T Corporation* |
| */s/ Barry M. Klayman* | |
| Barry M. Klayman (No. 3676) | |
| 1201 N. Market Street, Suite 1001 | |
| Wilmington, DE 19801 | |
| T \| 302-295-2035 | |
| E \| bklayman@cozen.com | |
| | |
| Philip Kircher (admitted pro hac vice) | |
| Matthew Bleich (admitted pro hac vice) | |

Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
T | 215-665-4000
E | pkircher@cozen.com
E | mbleich@cozen.com

*Attorneys for Plaintiffs-Intervenors*
*WSFS Financial Corporation and Wilmington*
*Savings Fund Society, FSB*

IT IS SO ORDERED this _____ day of _____, 2019.

_____
U.S. District Chief Judge Leonard P. Stark

**ATTACHMENT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>WSFS FINANCIAL CORPORATION and WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>BB&T CORPORATION,<br><br>    Defendant. | C.A. No. 1:18-cv-01472-LPS |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "Confidential" in accordance with the Protective Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

Name:

Job Title:

Employer:

Business Address:

Dated: _____     _____
                                           [Print name]