IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOUSTON CASUALTY COMPANY,

*Plaintiff*,

WSFS FINANCIAL CORPORATION
and WILMINGTON SAVINGS FUND
SOCIETY, FSB,

*Intervenor Plaintiffs*,

No. 1:18-cv-1472-SB

v.

TRUIST FINANCIAL CORPORATION,

*Defendant*.

---

John C. Phillips, Jr., PHILLIPS MCLAUGHLIN & HALL, P.A., Wilmington, Delaware; Gabriela Richeimer, Justin Levy, CLYDE & CO. LLP, Washington, DC.

*Counsel for Plaintiff*.

Barry M. Klayman, COZEN O'CONNOR, Wilmington, Delaware; Philip G. Kircher; Matthew Bleich, COZEN O'CONNOR, Philadelphia, Pennsylvania.

*Counsel for Intervenor Plaintiffs*.

Jody C. Barillare, MORGAN, LEWIS & BOCKIUS LLP, Wilmington, Delaware; John C. Goodchild III, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, Pennsylvania.

*Counsel for Defendant*.

---

**MEMORANDUM OPINION**

August 5, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Parties must stand by their agreements. They must also stand by their litigation decisions. Truist tries to escape both. It argues that I should set aside the terms of its deal and apply default rules instead. And it says that it did not waive its defenses by failing to raise them at summary judgment. But it agreed to specific rules, and it should have pressed its defenses sooner. In any event, its defenses fail, so I will reject its arguments.

## I. BACKGROUND

Truist Financial Corporation sold a Trustee to WSFS Financial Corporation. Mem. Op., D.I. 181, at 3. As part of the sale, Truist agreed to indemnify WSFS if certain claims were brought against the Trustee. D.I. 171, Ex. 4 §8.02(e). To take advantage of this indemnity, WSFS had to notify Truist of a claim within fourteen days. *Id.* §8.06(a).

After the sale was complete, a claim was brought against the Trustee. *See* D.I. 181, at 2–7 (describing these facts in more detail). WSFS settled it and asked Truist to cover the cost under the indemnity provision. But Truist declined. It argued that it did not have to pay because WSFS had failed to give it timely notice. Indeed, WSFS's delay had serious consequences. The lag meant that Truist could not give notice to its own insurer in time, so it was denied coverage.

I resolved this dispute when I granted partial summary judgment for WSFS. D.I. 181, at 11–12. Even though WSFS *did* fail to give timely notice, its indemnity claim was saved by a contractual escape hatch: "[T]he failure … to provide such notice will

not relieve [Truist] from any liability for indemnification … except and only to the extent that [Truist] demonstrates that the *defense* of such action is prejudiced by failure to give such notice." D.I. 171, Ex. 4 § 8.06(a) (emphasis added). WSFS's failure to give prompt notice did not prejudice Truist's defense of a lawsuit. So Truist is still on the hook.

Now Truist seeks to recast its argument in terms of causation. It argues that the real cause of WSFS's loss was not the breach of the indemnity provision. Instead, the problem was WSFS's failure to notify Truist. Had it done so, Truist's insurance would have "covered all costs," so WSFS would have lost nothing. D.I. 189, at 2. Further, Truist says, because I did not expressly rule on causation in my summary-judgment order, this issue remains for trial. Finally, even though I ruled for WSFS on liability, Truist also contends that it still has three unresolved affirmative defenses. D.I. 181. It raised these arguments at a scheduling conference in an effort to expand the scope of the trial beyond damages.

## II. TRUIST AGREED TO INDEMNIFY WSFS AGAINST LOSS CAUSED BY LATE NOTICE

Truist's causation argument is barred by the clear terms of the contract: even if WSFS gave late notice, Truist agreed to pay for that loss anyway.

The interpretation of a contract is a pure question of law. *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992). Because the contract is unambiguous and because the parties do not dispute the relevant facts, I can dispose of this issue on summary judgment.

The normal rule is that a party is liable only for losses that are the "proximate result of the breach." *Com. Credit Corp. v. C.F. Schwartz Motor Co.*, 251 A.2d 353, 355 (Del. Super. Ct. 1969) (citing *Hadley v. Baxendale* (1854) 156 Eng. Rep. 145 (H.C.)). If this rule applied, Truist *might* be able to show that the loss was WSFS's fault.

But Delaware lets parties contract around the rule. Thus, an agreement may use a liquidated-damages clause to specify a payout regardless of what caused the damage. *Delaware Bay Surgical Servs., P.A. v. Swier,* 900 A.2d 646, 650 (Del. 2006). And insurers can refuse to cover damages if two things caused a loss but the insurer covers only one. *Monzo v. Nationwide Prop. & Cas. Ins. Co.*, 249 A.3d 106, 123 (Del. 2021).

Here, the parties agreed to alter the normal rule: even if WSFS gives late notice, Truist is "not relieve[d] … from any liability for indemnification" unless that delay prejudices Truist. D.I. 171, Ex. 4 § 8.06(a). So if a loss is caused by late notice, Truist must still indemnify WSFS, with one exception. Because that exception is not applicable here, Truist must pay up.

This provision is like a contract in which an insurer agrees to cover losses caused by the insured's own negligence. Though an insurer may agree to such coverage, "that intention must be evidenced by unequivocal language." *American Ins. Grp. v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del. 2000). Here, the language is very clear. Two sophisticated parties agreed to exclude most losses caused by late notice. I will not upset that bargain.

To push back against this conclusion, Truist points to a different contractual term. Section 8.04(a) says that Truist's duty to indemnify is "net of any insurance proceeds received by [WSFS]." D.I. 171, Ex. 4. Thus, Truist contends, had WSFS notified it, it would have had no duty to indemnify at all, because the claim would have been covered by its insurer and so the "net" amount would have been zero. D.I. 189, at 3. But Truist does not explain how this helps. If WSFS had timely notified Truist, then Truist's insurer would merely have covered *Truist's* indemnity payment to WSFS. So the insurance payment would have been "received by" Truist, not WSFS.

Thus, I will sua sponte grant summary judgment to WSFS on causation. Fed. R. Civ. P. 56(f).

### III. TRUIST WAIVED ITS MERITLESS DEFENSES

Truist also contends that three of its affirmative defenses survive summary judgment: waiver, the statute of limitations, and laches. I disagree. Truist waived its defenses. In any event, they have no merit.

**A. Truist waived its defenses**

Although Truist raised the defenses in its answer, it did not mention them at summary judgment. Meanwhile, WSFS moved for summary judgment on each of them. D.I. 104, at 20. I sided with WSFS and found that it was entitled to summary judgment on liability. D.I. 181, at 14.

Now, Truist argues that because I did not specifically mention its defenses, it may raise them at trial. Not so. It waived the defenses. Once WSFS argued why it deserved summary judgment on them, Truist "[wa]s obliged to identify those facts of record which would contradict the facts identified by [WSFS]." *Childers v. Joseph*, 842 F.2d

689, 694–95 (3d Cir. 1988). Because Truist instead ignored the defenses entirely, it waived them. *Cf. Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995) ("[A]n issue raised in the [answer] but ignored at summary judgment may be deemed waived. 'If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.'" (quoting *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986)).

### B. Truist's defenses are meritless

Even if Truist had not waived its defenses, none involves a factual dispute and all can be disposed of quickly.

1. *Waiver.* Truist contends that WSFS waived its claim to an indemnity because it "knew timely notice was a prerequisite for insurance coverage, and chose not to provide [it]." D.I. 189, at 4. But this bare assertion fails to meet the "exacting" standard for showing waiver of a contractual right under Delaware law. *AeroGlobal Capital Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005). To do so, Truist must prove that WSFS "voluntar[ily] and intentional[ly] relinquish[ed] … a known right." *Id.* (quoting *Realty Growth Investors v. Council of Unit Owners*, 453 A.2d 450, 456 (Del. 1982)). It has not done so. The undisputed facts show that WSFS demanded indemnification shortly after it was taken to arbitration and has vigorously asserted its right since then. D.I. 174, Ex. 38. This does not show a clear intention to relinquish its claim to indemnity.

Plus, Truist's waiver argument is inconsistent with the notice provision. The parties agreed that a failure to give notice would forfeit a claim to indemnity *only* if that prejudiced Truist. D.I. 171, Ex. 4 § 8.06(a). And as I have explained ad nauseam, there

6

was no prejudice here. This is not whack-a-mole. Truist cannot repeatedly give its failed argument new packaging and hope that it succeeds.

2. *Statute of limitations.* Truist also says that WSFS's claim is time-barred by the Delaware statute of limitations. But this argument fails too. In Delaware, a contract claim must be brought within three years. 10 Del. C. § 8106. For indemnity contracts, this clock begins to run when the party "entitled to indemnification can be confident any claim against [it] … has been resolved with certainty." *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. 2004) (internal quotation marks omitted); *see also Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1280–81 (Del. 2016). Here, WSFS did not resolve the claim against it until February 2018. D.I. 163, Ex. 19, at 7. It sued Truist just a few months later, in September 2018. D.I. 1. So its suit is timely.

3. *Laches.* Finally, Truist argues that laches bars WSFS's claim. It says that it was prejudiced by WSFS's delay in asserting its right to indemnity. D.I. 189, at 4. But laches is not available when, as here, a "plaintiff brings a legal claim seeking legal relief." *Kraft v. WisdomTree Investments, Inc.*, 145 A.3d 969, 983 (Del. Ch. 2016). Instead, "the statute of limitations … appl[ies]." Otherwise, a party could use laches to "circumvent the statutory time-bar." *Id.* So Truist cannot raise laches as a defense to a claim for contract damages.

\* \* \* \* \*

Truist agreed to indemnify WSFS against certain claims, even if some of the loss was caused by WSFS's failure to give notice. I will hold it to this bargain. So I grant summary judgment for WSFS on causation. Plus, Truist waived three of its

7

affirmative defenses, and those defenses are baseless. Thus, I grant summary judgment for WSFS on those too.