IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>WSFS FINANCIAL CORPORATION and WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>TRUIST FINANCIAL CORPORATION,<br><br>    Defendant. | Civ. A. No. 1:18–01472–SB |

**PROPOSED PRETRIAL ORDER**

Pursuant to Local Rule 16.3 and while preserving all objections to all prior interlocutory rulings, Plaintiffs WSFS Financial Corporation and Wilmington Savings Fund Society (collectively, "WSFS") and Defendant Truist Financial Corporation ("Truist") submit this proposed pretrial order.

**(1) A statement of the nature of the action, the pleadings in which the issues are raised (e.g., third amended complaint and answer) and whether counterclaims, crossclaims, etc., are involved;**

This is an action for contractual indemnification. The only claim that is still at issue is WSFS's claim against Truist for contractual indemnification. WSFS brought that claim in its October 4, 2018 complaint (D.I. 4-1), which is the operative complaint. Truist's January 18, 2019 answer with affirmative defenses (D.I. 16) is the operative responsive pleading, subject to Truist's Rule 15 Motion which seeks to add an affirmative defense that WSFS breached its duty of good faith and fair dealing by not acting in a manner to maximize insurance proceeds to reduce

Truist's indemnity obligation under the SPA. On June 4 and August 5, 2021 (D.I. 182, 196), the Court granted summary judgment on liability in WSFS's favor on WSFS's indemnification claim, and granted summary judgment in WSFS's favor on Truist's affirmative defenses. Houston Casualty Company had brought a claim for contractual indemnification against Truist (D.I. 1), but on June 4, 2021 the Court granted summary judgment on that claim in favor of Truist. (D.I. 182.)

**(2) The constitutional or statutory basis of federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction;**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because, at the time when the action was brought, there was complete diversity. Plaintiff Houston Casualty Company was (and is) a Texas corporation with its principal place of business in Texas. Plaintiff WSFS Financial Corporation was (and is) a Delaware corporation with its principal place of business in Delaware. Plaintiff Wilmington Savings Fund Society, FSB was (and is) federally chartered and has its home office in Delaware. Defendant BB&T Corporation (now Truist) was a North Carolina corporation with its principal place of business in North Carolina. Truist is a North Carolina corporation with its principal place of business in North Carolina.

**(3) A statement of the facts which are admitted and require no proof;**

The statement is attached as Exhibit 1.

**(4) A statement of the issues of fact which any party contends remain to be litigated;**

WSFS and Truist disagree on the reasonableness of the expenditures and settlement payment for which WSFS is seeking indemnification.

As noted below in (11), in the event Truist's Motion under Rule 15 is granted, trial also will include the mixed fact and legal issue of whether WSFS breached its duty of good faith and fair dealing by not acting in a manner to maximize insurance proceeds to reduce Truist's indemnity obligation under the SPA.

**(5) A statement of the issues of law which any party contends remain to be litigated, and a citation of authorities relied upon by each party;**

The four issues are set forth below. Attached as Exhibit 2 is a joint submission in which WSFS and Truist set forth their respective positions on these

issues, with citations of authority. As noted below in (11), in the event Truist's Motion under Rule 15 is granted, trial also will include the mixed fact and legal issue of whether WSFS breached its duty of good faith and fair dealing by not acting in a manner to maximize insurance proceeds to reduce Truist's indemnity obligation under the SPA.

      1.    From what date or dates does prejudgment interest run on any amounts paid by WSFS and deemed recoverable?

      2.    Is prejudgment interest calculated on a simple basis or by some form of compounding?

      3.    Should the accrual of prejudgment interest be equitably tolled for any relevant period?

      4.    For which aspects of its damages must WSFS prove reasonableness and what standard(s) applies?

**(6) A list of premarked exhibits which each party intends to offer at trial, along with citations to the Federal Rules of Evidence to note any objections thereto lodged by any other party;**

WSFS's list is attached as Exhibit 3. Truist's list is attached as Exhibit 4. If after reviewing the other side's exhibit list a party has any objections to any exhibit, the party will promptly set forth its objections in a supplement to this paragraph. Either party may amend its exhibit list and provide the amended list to the other party on or before December 8, 2021.

**(7) The names of all witnesses a party intends to call to testify, whether the witness will testify in person or by deposition and, if by deposition, a list of deposition designations;**

WSFS intends to call John L. Olsen and Lawrence F. Stengel, both of whom will testify in person.

Truist intends to call Robert Keach and Sean Kehoe to testify in person or virtually subject to the Court's permission.  Truist also reserves the right to call any witness necessary for rebuttal or impeachment (including but not limited to John Wilkinson, Michael Miller, and Nicole Wixted), any witness necessary for document authentication, and any witness on WSFS's witness list.

**(8) A brief statement of what plaintiff intends to prove in support of plaintiff's claims, including the details of the damages claimed or of other relief sought;**

To the extent not already covered in the attached statement of stipulated facts (Exhibit 1), WSFS intends to prove at trial that it incurred $17,386,981.27 in losses that are indemnifiable under Section 8.02(e) of the Stock Purchase Agreement; that, through settlements with other entities, WSFS recovered $8,062,500 of those losses; and that Truist is responsible for the balance of $9,324,481.27, plus prejudgment interest. The losses are itemized in the attached statement of stipulated facts.

WSFS also intends to prove the reasonableness of the attorney fees that make up part of the losses. In addition, WSFS intends to prove the reasonableness of the Universitas settlement payment and of the non-attorney-fee legal costs that make up part of the losses, unless the Court rules before trial that the Stock Purchase Agreement does not require WSFS to establish the reasonableness of those amounts.

The losses that will be the subject of the trial do not include the attorney fees and costs that WSFS has incurred (and will continue to incur) in connection with enforcing the Stock Purchase Agreement's indemnity against Truist, including in connection with bringing this action and in connection with work at the upcoming trial. WSFS believes that it is entitled to recover those fees and costs under Section 8.02(e) of the Stock Purchase Agreement. In accordance with this Court's July 9, 2020 resolution of a discovery dispute between WSFS and Truist (briefed by letter at D.I. 69 & 70), WSFS will pursue recovery of those fees and costs by means of a Rule 54(d) motion brought after entry of final judgment. (See paragraph 13 below.)

**(9) A brief statement of what the defendant intends to prove as defenses;**

WSFS will be unable to meet its burden to demonstrate that its damages are reasonable.  Truist will offer evidence reinforcing the conclusion that WSFS's damages are unreasonable.  Truist will also offer evidence to rebut WSFS's argument for compound interest. Truist reserves all procedural and substantive objections to any damages not presented for resolution at trial, including but not limited to any additional attorney fee and costs that WSFS has incurred in connection with the present litigation.

Subject to Truist's Rule 15 Motion, Truist will prove its affirmative defense that WSFS breached its duty of good faith and fair dealing by not acting in a

manner to maximize insurance proceeds to reduce Truist's indemnity obligation under the SPA.

**(10) Statements by counterclaimants or crossclaimants comparable to that required of plaintiff;**

None. There are no counterclaimants or crossclaimants.

**(11) Any amendments of the pleadings desired by any party with a statement whether it is unopposed or objected to and, if objected to, the grounds therefore;**

Truist seeks to amend its Answer to add an affirmative defense as outlined in Truist's pending motion under Rule 15. If Truist's motion is granted, then trial also will include the mixed fact and legal issue of whether WSFS breached its duty of good faith and fair dealing by not acting in a manner to maximize insurance proceeds to reduce Truist's indemnity obligation under the SPA.

WSFS strongly objects to Truist's request to amend. WSFS learned about it only this morning (December 1), and there appears to be no excuse for Truist's delay in raising it 12 days before trial. Moreover, the theory that Truist is seeking to add as an affirmative defense—namely, that WSFS's alleged late notice caused Truist to lose millions of dollars in insurance coverage—has already been rejected *twice* by this Court. See D.I. 181 & 195. As this Court observed the second time around: "This is not whack-a-mole." D.I. 195 at 7. And given that this Court has already found that, under Section 8.06 of the Stock Purchase Agreement, the parties agreed that late notice would be irrelevant where, as here, there was no prejudice to "the defense of the action," Truist's proposed amendment would be at odds with Delaware law, which provides that "where the terms of a contract expressly address the terms of a dispute, those express contractual terms—not an implied covenant of good faith and fair dealing—govern the parties' relations." *Hydrogen Master Rights, Ltd. v. Weston*, 228 F.Supp.3d 320, 332 (D. Del. 2017) (internal quotation marks omitted). Finally, WSFS will be significantly prejudiced if, at this late hour, Truist is allowed to make the trial about WSFS's alleged late notice. For the last several months, WSFS has been preparing for trial on the understanding that the trial would be limited to damages and would not include the issue of alleged late notice.

**(12) A certification that the parties have engaged in a good faith effort to explore the resolution of the controversy by settlement;**

WSFS and Truist certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement including mediation before a neutral mediator.

**(13) Any other matters which the parties deem appropriate.**

Subject to Truist's Rule 15 Motion, the only issue for trial is the amount of damages, including prejudgment interest, to which WSFS is entitled.

The actual amount of prejudgment interest due to WSFS cannot be computed until the Court determines both the amount of losses that are indemnifiable and the rules that will govern the computation of prejudgment interest (see paragraph 5 above).

Accordingly, after the trial concludes, the Court will enter a non-final judgment determining those issues. Within 30 days after the entry of that non-final judgment, WSFS and Truist shall submit a stipulated computation of the amount of prejudgment interest due to WSFS, or, if WSFS and Truist cannot agree on a computation, shall advise the Court of the nature of their disagreement and submit their competing computations with an explanation and any supporting declarations or other documents. Thereafter, pursuant to Rule 58, the Court will enter final judgment, which will include both the underlying damages and the amount of any prejudgment interest.

In accordance with the Court's July 9, 2020 resolution of a discovery dispute between WSFS and Truist, WSFS intends to make a request to recover the attorney fees and costs incurred in connection with enforcing the indemnity under the Stock Purchase Agreement by a Rule 54(d) motion. Truist reserves all procedural and substantive objections to any such motion. WSFS shall file such a motion within 30 days after entry of final judgment. Truist shall have 30 days to file a response. WSFS shall have 14 days to file a reply brief.

**Statement Pursuant to Local Rule 16.3(d)(4)**

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

SO STIPULATED:

| COZEN O'CONNOR | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| /s/ Barry M. Klayman | /s/ Jody C. Barillare |
| Barry M. Klayman (#3676) | Jody C. Barillare (#5107) |
| 1201 North Market St., Suite 1001 | The Nemours Building |
| Wilmington, DE 19801 | 1007 N. Orange Street, Suite 501 |
| (302)295-2035 | Wilmington, DE 19801 |
| bklayman@cozen.com | (302) 574-7290 |
| | (302) 574-3001 |
| Philip G. Kircher (admitted pro hac vice) | jody.barillare@morganlewis.com |
| Matthew L. Bleich (admitted pro hac vice) | |
| 1650 Market Street | John C. Goodchild, III (admitted *pro hac vice*) |
| Philadelphia, PA 19103 | Su Jin Kim (admitted *pro hac vice*) |
| (215) 665-6918 | Amanda F. Lashner (admitted *pro hac vice*) |
| mbleich@cozen.com | |
| pkircher@cozen.com | 1701 Market Street |
| | Philadelphia, PA 19103 |
| *Counsel for Plaintiffs, WSFS Financial Corporation and Wilmington Savings Fund Society, FSB* | (215) 963-5000 |
| | (215) 963-5001 |
| | john.goodchild@morganlewis.com |
| | su.kim@morganlewis.com |
| | amanda.lashner@morganlewis.com |
| | |
| | *Counsel for Defendant Truist Financial Corporation* |

DATED:__12/1/2021_____


SO ORDERED:

_____
BIBAS, J.


DATED: _____